IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN THERON, | : | CIVIL NO. 3:11-CV-1550 |
| Plaintiff, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| THE COUNTY OF YORK, et al., | : | |
| Defendants | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

John Theron ("Theron" or "plaintiff"), a detainee of the Bureau of Immigration and Customs Enforcement ("ICE"), held at the York County Prison ("YCP"), Pennsylvania, commenced this civil rights action on August 22, 2011. (Doc. 1.) The matter is presently proceeding *via* an amended complaint (Doc. 8) filed on September 16, 2011, naming the following defendants: The County of York; Doug Hoke ("Hoke"); Mary Sabol ("Sabol"); Clair Doll ("Doll"); Deputy Warden Michael Buono ("Buono"); John Steiner ("Steiner"); Donald L. Reinhart ("Reinhart"); Chaplain Ron Bupp ("Bupp"); Captain Cruz ("Cruz"); and, Thomas Decker ("Decker").

Presently pending is defendants' motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 19.) For the reasons set forth below, the motion will be granted. In addition the amended complaint against defendant Decker will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii). However, Theron will be afforded the opportunity to amend the complaint to cure the deficiencies causing dismissal.

## I.   Allegations of the Amended Complaint

Theron alleges that he is of Islamic faith and, while housed at YCP, his religious freedom guaranteed by the First Amendment was violated by defendant Bupp because he failed to provide an Imam for Jumah services.  (Doc. 8, ¶ 20.)  He also alleges that Bupp denied him religious material, and failed to offer "Halal food" during Ramadan.  (Id. at ¶¶ 20, 27.)  Additionally, he alleges that defendant Cruz destroyed a Quran during a cell search.  (Id. at ¶ 20.)

He alleges that the County of York, as the municipal employer, is legally responsible for YCP's policies and customs that resulted in the above infringements.  (Id. at ¶ 9.)  In addition, he seeks to impose liability against defendants Hoke, Sabol, Doll, Buono, and Steiner because they are "legally responsible" for the treatment and security of YCP inmates.  Liability is sought against defendant Reinhart, YCP's solicitor, based on his role in the grievance procedure.  It is also alleged that defendant Decker, in his capacity as the field director for the Bureau of Immigration and Customs Enforcement, is "legally responsible for the well being, treatment, and safety of all immigrants" at YCP.  (Id. at ¶ 18.)

He requests that the court resolve "this matter about religious services" and consider granting him monetary compensation.  (Id. at ¶ 34.)

## I.   Motion to Dismiss

### A.   Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of

2

complaints that fail to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept as true all [factual] allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)). Although the court is generally limited in its review to the facts contained in the complaint, it "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

Federal notice and pleading rules require the complaint to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." Phillips v. County of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U. S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plaintiff must present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P. 8(a) (stating that the complaint should include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (explaining that Rule 8 requires more than "an unadorned, the-defendant unlawfully-harmed -me accusation"); Twombly, 550 U.S. at 555 (requiring plaintiffs to allege facts sufficient to "raise a right to relief above the speculative level").

Thus, to prevent a summary dismissal, civil complaints must now allege "sufficient factual matter" to show that a claim is facially plausible. See Iqbal, 129 S.Ct. at 1949–50; see also Twombly, 505 U.S. at 555, & n. 3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1948.

The Third Circuit now requires a district court to conduct the two-part analysis set forth in Iqbal when presented with a motion to dismiss:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S.Ct. at 1949–50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." [Id.] In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234–35. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' "Iqbal, [129 S.Ct. at 1949–50]. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210–211.

This Court is mindful, however, that the sufficiency of this pro se pleading must be construed liberally in favor of plaintiff, even after Iqbal. See Erickson v. Pardus, 551 U.S. 89 (2007). Moreover, a court should not dismiss a complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. See Grayson v. Mayview State Hosp., 293 F.3d 103, 110–111 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 117 (3d Cir. 2000).

## B.    Discussion

The First Amendment offers protection for a wide variety of expressive activities.  See

U.S. CONST. amend I.  These rights are lessened, but not extinguished in the prison context,

where legitimate penological interests must be considered in assessing the constitutionality of

official conduct.  See Turner v. Safley, 482 U.S. 78, 89 (1987).  Although prisoners must be

afforded "reasonable opportunities" to exercise their religious freedom guaranteed by the

First Amendment, Cruz v. Beto, 405 U.S. 319, 322 n. 2 (1972), imprisonment necessarily

results in restrictions on some constitutional rights, including the First Amendment's right to

the free exercise of religion.  O'Lone v. Shabazz, 482 U.S. 342, 348-49 (1987).  It is well-

established that only those beliefs which are (1) sincerely held, and (2) religious in nature, are

entitled to constitutional protection.  Wisconsin v. Yoder, 406 U.S. 205, 215-19 (1972);

Dehart v. Horn, 227 F.3d 47, 51 (3d Cir. 2000); Africa v. Pennsylvania, 662 F.2d 1025,

1029-30 (3d Cir. 1981)(describing three indicia of religion (1) an attempt to address

"fundamental and ultimate questions" involving "deep and imponderable matters"; (2) a

comprehensive belief system; and (3) the presence of formal and external signs like clergy

and observance of holidays.).

Section 1983 of Title 42 of the United States Code offers private citizens a cause of

action for violations of federal law by state officials.  See 42 U.S.C. § 1983.  The statute

provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

### 1.      Individual Liability

#### a.      Hoke, Sabol, Doll, Buono, and Steiner

"A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. Rode, 845 F.2d at 1208.

Theron fails to allege that defendants Hoke, Sabol, Doll, Buono, and Steiner played an affirmative part in the alleged misconduct. Consequently, the motion will be granted with

respect to these defendants.

b.    Reinhart

Liability is sought against defendant Reinhart based on his role in the grievance

procedure.  Participation in the after-the-fact review of a grievance or appeal is not enough to

establish personal involvement.  See Rode, 845 F.2d at 1208 (finding the filing of a

grievance is not enough to show the actual knowledge necessary for personal involvement);

Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's

allegation that prison officials and administrators responded inappropriately, or failed to

respond to a prison grievance, did not establish that the officials and administrators were

involved in the underlying allegedly unconstitutional conduct); Croom v. Wagner, 2006 WL

2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an

appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v.

Pennsylvania Dept. of Corr, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that

the review and denial of the grievances and subsequent administrative appeal does not

establish personal involvement); Pressley v. Blaine, No. 01-2468, 2006 U.S. Dist. LEXIS

30151, at *17 (W.D. Pa. May 17, 2006) ("[M]ere concurrence in a prison administrative

appeal process does not implicate a constitutional concern." (citing Garfield v. Davis, 566 F.

Supp. 1069, 1074 (E.D. Pa. 1983))).  Participation in the disposition of a grievance is

insufficient to establish personal involvement in the alleged underlying First Amendment

constitutional violations.  Consequently, the complaint against defendant Reinhart will be

7

dismissed.

c.    Chaplain Bupp

In the first instance, it must be determined whether Theron has alleged facts sufficient

to determine that Chaplain Bupp is a state actor.  In ascertaining the presence of state action,

we must examine the record to determine whether "the conduct allegedly causing the

deprivation of a federal right [is] fairly attributable to the State." Lugar v. Edmondson Oil

Co., 457 U.S. 922, 937 (1982).  Although resolution of this question is fact specific, see id. at

939, the Supreme Court has identified two legal touchstones to provide guidance along the

way.  To begin with, there can be no "fair attribution" unless the alleged constitutional

violation was "caused by the exercise of some right or privilege created by the State or by a

rule of conduct imposed by the State or by a person for whom the State is responsible." Id. at

937.  Furthermore, "the party charged with the deprivation must be a person who may fairly

be said to be a state actor. This may be because he is a state official, because he has acted

together with or has obtained significant aid from state officials, or because his conduct is

otherwise chargeable to the State." Id.

Because Theron fails to allege any facts that would indicate that Chaplain Bupp's

actions could be fairly attributed to the state, such that he would be characterized as a state

actor, and in light of defendants' argument that the chaplain was not paid by the York County

Prison Board, the complaint against the chaplain will be dismissed.  (Doc. 17, at 7.)

8

d.      Cruz

Theron "claims religious discrimination on behalf of a cell search conducted by

Captain Cruz where all Islamic material Qua'ran [sic] etc. . . was ripped and thrown on the

floor and Christian bibles and crosses laid untouched." (Doc. 8, ¶ 29.) There is no date

attached to the event and it is unclear whether the Quran and Islamic material to which

plaintiff is referring belonged to him or another inmate.  These allegations are insufficient to

establish that defendant Cruz was involved in conduct that amounted to a Constitutional

violation.  The motion to dismiss will therefore be granted.

## 2.      Municipal Liability[1]

Theron seeks hold the County of York liable for the alleged infringements on his First

Amendment rights.  In Monell v. N.Y.C. Dep't of Social Servs., 436 U.S. 658 (1978), the

Supreme Court held that a "municipality is only liable when the plaintiff can show that the

municipality itself, by implementing a municipal policy, regulation or decision either

formally adopted or informally adopted through custom, actually caused the alleged

constitutional transgression. Id. at 691.  A "policy" is made when a decisionmaker possessing

final authority to establish municipal policy with respect to the action issues a final

---

[1]The County or York seeks dismissal based on 61 P.S. § 408, which provides that "the
safe-keeping, discipline, and employment of prisoners, and the government and management
of said institution [the county prison], shall be exclusively vested . . . " in the board created
thereby, the Prison Board. 61 P.S. § 408(a)(1).  (Doc. 17, at 6.)  However, because this
statute was repealed by P.L. 147, No. 33, § 11(b), dated August 11, 2009, made effective 60
days thereafter, this is not an appropriate ground for dismissal.

proclamation, policy or edict, [and a] custom is an act that has not been formally approved by an appropriate decisionmaker, but that is so widespread as to have the force of law." Natale v. Camden County Corr. Facility, 318 F.3d 575, 583–84 (3d Cir. 2003).

Therefore, a plaintiff claiming a constitutional violation against a municipality under § 1983 must demonstrate a "showing" of entitlement to relief, more than a mere "blanket assertion" or conclusory allegation. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Plaintiffs must plead facts which demonstrate that defendants are responsible either for enacting, implementing, or engaging, on a widespread scale, in a practice which constitutes or causes a constitutional violation. See id.

In simply alleging, that as the municipal employer, York County is "legally responsible for the policy and custom that are permanent and well settled as to virtual [sic] constitute law" (Doc. 8, at ¶ 9), plaintiff simply recites the elements of a claim for municipal liability under § 1983, which, as has been long-established, is insufficient for purposes of a motion to dismiss. See Phillips, 515 F.3d at 233. This statement is conclusory in nature and Theron fails to offer any facts supporting a finding of municipal liability under § 1983. Accordingly, the motion will be dismissed with respect to this defendant.

## III.    Dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii)

### A.    Standard of Review

Section 1915(e)(2) states, in pertinent part, "the court shall dismiss the case at any time if the court determines that (B) the action . . . (ii) fails to state a claim on which *relief*

may be granted. . . ." 28 U.S.C. §1915(e)(2)(B)(ii).  The applicable standard of review for the failure to state a claim provision is the same as the standard for a 12(b)(6) motion set forth above.

### B.     Discussion

Theron seeks to impose liability on defendant Decker in his capacity as the field director for the Bureau of Immigration and Customs Enforcement.  Specifically, he alleges that Decker is "legally responsible for the well being, treatment, and safety of all immigrants" at YCP.  (Doc. 8, at ¶ 18.)

As noted above, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct.  Rode, *supra*.  Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement.  Rode, 845 F.2d at 1208.  Theron fails to allege that defendant Decker played an affirmative part in the alleged constitutional misconduct.  Consequently, the complaint against him will be dismissed.

### IV.   Conclusion

Based on the foregoing, the motion to dismiss the amended complaint filed on behalf of defendants The County of York, Hoke, Sabol, Doll, Buono, Steiner, Reinhart, Bupp and Cruz will be granted, the amended complaint will be dismissed against Defendant Decker pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), and this matter will be closed.  However, because it

is plausible that plaintiff could amend his amended complaint to overcome the deficiencies

noted herein, he may move to reopen the matter. Any such motion must be accompanied by a

proposed amended complaint.

An appropriate order follows.

BY THE COURT:


s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court


Dated:   February 9, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN THERON, | : | CIVIL NO. 3:11-CV-1550 |
| **Plaintiff,** | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| THE COUNTY OF YORK, et al., | : | |
| **Defendants** | : | |

∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷∷

### ORDER

AND NOW, to wit, this 9th day of February 2012, in accordance with this Court's Memorandum, it is hereby **ORDERED** that:

1. The motion to dismiss (Doc. 16) the amended complaint filed on behalf of defendants The County of York, Hoke, Sabol, Doll, Buono, Steiner, Reinhart, Bupp and Cruz is GRANTED and the complaint is DISMISSED without prejudice.

2. The amended complaint against Defendant Decker is DISMISSED without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The Clerk of Court is directed to CLOSE this case.

4. If plaintiff can correct the deficiencies of his amended complaint, he may move to reopen this matter within the time period allowed by the Federal Rules of Civil Procedure and the Local Rules of Court.

5. A proposed amended complaint shall accompany plaintiff's motion and shall contain the same case number that is already assigned to this action (3:11-CV-1550) and shall be direct, concise, and shall stand alone without reference to any other document filed in this matter. See FED. R. CIV. P. 8(e).

6. A motion to reopen not accompanied by a proposed amended complaint will be stricken.

7.      Any appeal from this order is DEEMED frivolous and not in good faith. <u>See</u> 28 U.S.C. § 1915(a)(3).[1]

**BY THE COURT:**


<u>**s/James M. Munley**</u>
**JUDGE JAMES M. MUNLEY**
**United States District Court**

---

[1] The Court notes that " '[g]enerally, an order which dismisses a complaint without prejudice is neither final nor appealable because the deficiency may be corrected by the plaintiff without affecting the cause of action.' . . . The dispositive inquiry is whether the district court's order finally resolved the case." <u>Martin v. Brown</u>, 63 F.3d 1252, 1257–58 (3d Cir. 1995) (quoting <u>Borelli v. City of Reading</u>, 532 F.2d 950, 951 (3d Cir. 1976)) (other citations omitted). In this case, if Plaintiff can correct the deficiencies of his complaint, he may file a motion to re-open in accordance with the court rules.